**Malcolm SUSS and Gotham Plastics, Plaintiffs,**

v.

**AMERICAN SOCIETY FOR THE PRE-VENTION OF CRUELTY TO ANI-MALS, ASPCA Officer Ramon, ASPCA Officer McDonald, and City of New York, Defendants.**

No. 92 Civ. 2275 (VLB).

United States District Court, S.D. New York.

June 10, 1994.

Arnold S. Kronick, Lehrman Kronick & Lehrman, White Plains, NY, for plaintiffs.

John P. Woods, Asst. Corp. Counsel, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case involves the warrantless entry by ASPCA officers acting under the aegis of the New York City Fire Department into plaintiffs' premises to release a cat (which later died) caught between exterior walls. No emergency existed inasmuch as substantial time elapsed between the report that the cat had trapped itself and when the break-in occurred. In connection with the attempted rescue, the officers broke through an exterior wall of the premises without authority of the owner, lessee, or any judicial officer.

In *Suss v. ASPCA*, 823 F.Supp. 181 (S.D.N.Y.1993), I held such behavior unconstitutional because it violated the Fourth Amendment and because it involved impermissible delegation of sovereign governmental power to non-neutral private parties; I reserved decision concerning what remedies would be available against the various defendants. The case as to the ASPCA and its officers has since been settled.

The City has moved for summary judgment on the question of remedy and has also challenged various rulings made in the 1993 memorandum order, most particularly because no specific statutory or regulatory provision authorizes any City or state judicial officer to issue a warrant under the circumstances. The bulk of the City's legal arguments, set forth in its memorandum of law and repeated under oath in the Assistant Corporation Counsel's affidavit, is in reality a motion for reconsideration of the 1993 order which held that the City had acted improperly. Only one of the City's arguments challenging the 1993 ruling merits discussion:

that compliance with the Fourth Amendment is excused by the asserted absence of specific state or local provisions establishing warrant procedures for animal rescues involving break-ins.

I grant the City's motion to dismiss because of the absence of a pattern of more than this one instance of the misconduct involved here; without such a pattern or other ground to infer foreseeability neither monetary nor injunctive relief against the City may be granted. Were further similar instances to recur in the future, of course, the situation might differ.

The clerk is directed to enter judgment dismissing the complaint as to the City, and since the City is the only remaining defendant, to close this case.

### II

■ The City has argued that because no particularized state or local regulation or statute authorizes a warrant to break into premises to rescue an animal, warrantless break-ins are constitutional. This argument is creative but meritless. A federal constitutional provision such as the Fourth Amendment, applicable to the States and their political subdivisions pursuant to the Fourteenth Amendment, may not be evaded by failure to provide specific procedures to implement its mandates. See *Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Staub v. City of Baxley*, 355 U.S. 313, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958).

■ Moreover, New York state law is not interpreted in a wooden manner requiring its every application to be spelled out to the letter. Instead, New York courts interpret that state's statutes to achieve their objectives under the circumstances involved. See *Tedla v. Ellman*, 280 N.Y. 124, 19 N.E.2d 987 (1939). New York courts, where appropriate, turn to analogous sources of authority to fill gaps. See *Electrolux v. Val Worth*, 6 N.Y.2d 556, 569, 190 N.Y.S.2d 977, 161 N.E.2d 197 (1959); *Schuster v. City of New York*, 5 N.Y.2d 75, 85–86, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958); *Zendman v. Harry Winston, Inc.*, 305 N.Y. 180, 189 n. 3, 111 N.E.2d 871 (1953); see also Stone, "The

68

Common Law in the United States," 50 Harv L Rev 4, 12–18 (1936); Note, 58 Colum L Rev 673 (1958); Note, 82 Yale LJ 258 (1972). Well-developed, traditional principles would readily permit the criminal warrant procedure to be applied to protective or rescue activities if necessary. While the officers involved in the present case did not utilize that option, they will doubtless do so in the future with the benefit of hindsight.

### III

■ In order for a municipality to be liable for damages under 42 U.S.C. § 1983, decisionmakers must have acted in an unconstitutional manner, either individually or collectively, and either directly or through failure to provide proper training or other preconditions for avoiding unconstitutional acts. *Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Here, there is no evidence that a known pattern has arisen of warrantless break-ins in connection with animal rescues on the part of ASPCA or City personnel. Nor is there any reason to conclude that City officials had been alerted to the risk that such a pattern was were likely. Consequently, the requisites for imposition of monetary relief against the City are absent. *Walker v. City of New York,* 974 F.2d 293, 299 (2d Cir.1992), *cert. denied* — U.S. ——, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993).

In order for injunctive relief to be granted, there must be a significant risk that the plaintiff may be subjected to further illegal conduct in the future by the party to be enjoined. See *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Here, in light of the rarity of the event which occurred, and based upon the observations made in the 1993 ruling, I have every confidence that the City will take adequate precautions to avoid similar events in the future without the need for injunctive relief.

### IV

■ Apart from the break-in to the plaintiffs' premises to rescue the cat, damages are sought because of force used to arrest plaintiff Suss once he seized a lead pipe and moved toward the officers. Under such circumstances, reasonable force was justified and does not appear to have been exceeded. The officers could not at the time have known what Suss would do with the pipe. See *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Finnegan v. Fountain,* 915 F.2d 817, 822 (2d Cir. 1990); *Davis v. Little,* 851 F.2d 605 (2d Cir.1988).

Plaintiff's potential application of the lead pipe created an emergency situation justifying an emergency response not subject to twenty-twenty hindsight. See generally *New York v. Quarles,* 467 U.S. 649, 657–58, 104 S.Ct. 2626, 2632–33, 81 L.Ed.2d 550 (1984).

### V

In light of the Corporation Counsel's description of the weakness of state warrant procedures, a copy of this memorandum order and the 1993 order will be sent to the Governor's Counsel. The clerk is directed to close this case.

SO ORDERED.